IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELIZA ALANIZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:20-cv-116 |
| AMBROSE CONSTRUCTION, LTD. | § | |
| | § | Non-Jury |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Eliza Alaniz, formerly known as Eliza Alaniz Rivera ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant AMBROSE CONSTRUCTION, LTD., and shows as follows:

## I.      NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all her hours and overtime hours. Plaintiff was not compensated at the rate of time and one-half his regular rate of pay when she worked over 40 hours per week, as required by law.

## II.      PARTIES

3. Plaintiff Eliza Alaniz, formerly known as Eliza Alaniz Rivera is an individual who was employed by Defendant within the meaning of the FLSA. She hereby consents to be a party in this action.

4. Defendant AMBROSE CONSTRUCTION, LTD. ("AMBROSE" or "Defendant") is a Texas domestic limited partnership doing business in Corpus Christi, Nueces County, Texas and can be served with process through its registered agent: Molly P. Thomas, 408 West Market Street, Sinton, Texas 78387. A waiver request will be sent to the registered agent prior to a request for service.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Southern District of Texas because the events forming the basis of the suit occurred in this District and the primary place of business for Defendant is in this District.

### IV. COVERAGE

7. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and any potential Class Members, if a Class is sought in the future.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Ambrose Construction, LTD specializes in commercial, industrial and oil field construction needs and services for structural concrete foundations, site work, right of way clearing, demolition and providing precast concrete panels and assemblies in the state of Texas.

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

1. Defendant Ambrose specializes in and provides commercial, industrial and oil field construction needs and services for structural concrete foundations, site work, right of way clearing, demolition and providing precast concrete panels and assemblies in the state of Texas.

2. It is believed Defendant does more than $500,000.00 per year in gross revenues.

3. Plaintiff was employed by Defendant as an administrative assistant on or about August 15, 2015.  Her position later changed to also include work as a payroll clerk, in addition to her work as an administrative assistant.  She was regularly scheduled to work 40 or more hours in a work week for Defendant. She would generally work 730am to 430pm and was supposed to have one hour for lunch but regularly worked through lunch.

4. Ms. Alaniz was wrongfully terminated by the company on August 15, 2019.  She was terminated in part because of her disabilities and leave but also, in relevant part, because she made an assertion of her right to overtime pay through a DOL investigator and/or participated in

the investigation. The investigator was believed to be investigating claims related to Defendant employing minors.

5. At one point, the investigator asked one of the owners Will Klatt whether Plaintiff worked overtime because Plaintiff questioned why she was not being paid overtime. Will Klatt falsely denied that Plaintiff worked any overtime. As a result, Plaintiff participated in an investigation that included the investigation of unpaid overtime.

6. Ms. Alaniz was getting paid approximately $960.00 gross weekly and was not paid for overtime. She did not punch in and out on a regular basis but kept record of her overtime hours worked, including daily and weekend hours of overtime. She estimates that she worked an average of 8 hours per week of overtime. At the weekly rate of 40 hours weekly at a weekly pay rate of $960.00, her hourly wages would equate to $24.00 hourly and the overtime rate at time and a half would be $36.00 hourly.

7. Again, however, she was not properly paid for all the time and overtime hours that she worked. Rather, she was generally only improperly paid a salary rate. Ms. Alaniz was not paid proper overtime for at least 8 hours per week at a rate of time and a half for each overtime hour worked. Based on an hourly rate of at least $24.00, she would be entitled to an average overtime rate of $36.00 hourly and recovery of approximately $288.00 per week in unpaid overtime, an estimate of $14,976.00 in unpaid overtime per year. It is contended that the FWW formula does not apply in this instance as there was no demonstrable mutual agreement between Plaintiff and Defendant that Plaintiff would be paid a fixed weekly salary regardless of the number of hours worked.

8. It is contended that Plaintiff Alaniz and other employees were mis-classified and paid a salary and not properly paid overtime and that she should have been paid an hourly rate pursuant to the FLSA and Department of Labor guidance. Her position should be as a non-exempt

production employee because the work involves "the day-to-day carrying out of the employer's business" and thus falls "squarely on the production side."

9. Under the FLSA, Ms. Alaniz would be entitled to recovery of $14,976.00 in unpaid overtime per year and a like amount of $14,976.00 in liquidated damages. She would be entitled to recovery of at least two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct is willful. Plaintiff asserts the conduct was willfuk. Estimating a recovery for three years of unpaid overtime, Ms. Alaniz would be entitled to recovery of $44,928.00 in unpaid overtime and $44,928.00 in liquidated damages.

10. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

11. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

12. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA.

13. Plaintiff further seeks damages for retaliation pursuant to 29 U.S.C. section 216(b), including lost wages, past and future, and compensatory damages and attorneys' fees. It is contended she suffered retaliation and was terminated, in part, because she sought unpaid overtime and/or participated in an investigation that included unpaid overtime.

## VII.    RELIEF SOUGHT

14. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys' fees, lost wages and/or compensatory damages, past and future; and

    d.    For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**

 /s/ Adam Poncio_____
**ADAM PONCIO**
**State Bar No. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**State Bar No. 2405488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**